UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
Milwaukee Division

MIDWEST COMMERCIAL
FUNDING, LLC,
                Plaintiff,

v.
                              Case No:

CINCINNATI SPECIALTY
UNDERWRITERS INSURANCE
COMPANY,
                Defendant.

## COMPLAINT

Plaintiff, Midwest Commercial Funding, LLC, ("Plaintiff" or "MCF"), by its attorneys Stephen E. Kravit and Jon E. Fredrickson of Kravit, Hovel, & Krawczyk, s.c., for their Complaint against the Defendant, Cincinnati Specialty Underwriters Insurance Company ("Cincinnati Specialty") allege the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff MCF is a Wisconsin Limited Liability Corporation with its principal place of business at 1521 Waukesha Rd., Caledonia, WI 53108.

2. MCF has four members, Robert Chandler, Steven P. Hribar, Michael J. Hribar, and Mark A. Hribar, all of whom are domiciled in Wisconsin, and citizens of Wisconsin.

3. MCF member Robert Chandler is a citizen of Wisconsin whose domicile is located at N81 W33630 Chicory Ct. E., Oconomowoc, Wisconsin 53066,

and whose principal place of business is located at 1521 Waukesha Rd., Caledonia, Wisconsin 53108.

4. MCF member Steven P. Hribar is a citizen of Wisconsin whose domicile is located at 8029 Meadow Creek, Franklin, Wisconsin 53132, and whose principal place of business is located at 1521 Waukesha Road, Caledonia, Wisconsin 53108.

5. MCF member Michael J. Hribar is a citizen of Wisconsin whose domicile is located at 8570 Woodfield Court, Franklin, Wisconsin 53132, and whose principal place of business is located at 1521 Waukesha Road, Caledonia, Wisconsin 53108.

6. MCF member Mark A. Hribar is a citizen of Wisconsin whose domicile is located at 2202 Waukesha Road, Caledonia, Wisconsin 53108, and whose principal place of business is located at 1521 Waukesha Road, Caledonia, Wisconsin 53108.

7. Defendant Cincinnati Specialty, a Delaware corporation, is a Citizen of Ohio whose principal place of business is located at 6200 S. Gilmore Rd., Fairfield, Ohio 45014-5141, and whose registered agent for service of process is Richard Hill.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1), because it is between citizens of one state and citizens or subjects of a foreign state, the matter in controversy exceeds the sum of

$75,000, exclusive of interest and costs, and there is complete diversity between the parties.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**GENERAL ALLEGATIONS**

10. On April 29, 2015, Cincinnati Insurance issued a Commercial Property policy of insurance to MCF, policy number CSU0069850 with a coverage period from April 29, 2015 to April 29, 2016 (the "Commercial Property Policy"). A true and correct copy of the Commercial Property Policy is attached hereto as **Exhibit A** and incorporated herein.

11. On April 29, 2015, Cincinnati Insurance also issued a Commercial General liability policy of insurance to MCF, policy number CSU0069852 with a coverage period from April 29, 2015 to April 29, 2016 (the "Commercial General Liability Policy"). A true and correct copy of the Commercial General Liability Policy is attached hereto as **Exhibit B** and incorporated herein.

12. One of the commercial properties that was specifically listed and insured under the premises schedules for the Commercial Property Policy and the Commercial General Liability Policy, was a six story office building located at 1442 N. Farwell Ave., Milwaukee, WI ("Farwell Commercial Property").

13. MCF is the mortgagee of the Farwell Commercial Property, and RNTSDU Investments, LLC is the mortgagor and owner.

14. On April 27, 2015, MCF initiated foreclosure proceedings against RNTSDU Investments, LLC in Milwaukee County Circuit Court, Case No. 2015CV003419.

15. On October 28, 2015, MCF was granted a judgment of foreclosure with a three month redemption period.

16. During the redemption period, on December 19, 2015, MCF received notice that WE Energies had turned off its gas and electric service to the Farwell Commercial Property.

17. That very same day, December 19, 2015, MCF contacted WE Energies, and demanded that the gas and electric service be turned back on immediately.

18. WE Energies failed to turn the gas and electricity on in a timely manner, despite MCF's continued and best efforts to get it to do so.

19. WE Energies' failure to turn the gas and electricity back on in a timely manner was outside the control of MCF.

20. Upon information and belief, due to the lack of gas and power, the water and HVAC lines in the Farwell Commercial Property froze and burst sometime between January 9, 2016 and January 15, 2016, during the time period that WE Energies had stopped providing gas and electricity to the building.

21. The burst water and HVAC lines in the Farwell Commercial Property caused millions of dollars of damage to the building ("Farwell Commercial Property Losses").

22. On January 21, 2016, MCF submitted notice of the Farwell Commercial Property Loss to Cincinnati Specialty under both the Commercial Property Policy and the Commercial General Liability Policy.

23. On February 25, 2016, MCF submitted to Cincinnati Specialty a Sworn Statement in Proof of Loss containing initial, partial proof of loss estimates for plumbing, HVAC, and demolition damages of $1,623,000, stating that the electrical and buildout damages would be provided upon the completion of the engineering study, and further stating that the contents damages were not yet known.

24. Two weeks later, on March 11, 2016, Cincinnati Specialty denied the Farwell Commercial Property Loss claim in full, based upon its belief that MCF did not use its "best efforts" to avoid the loss and that MCF had not disclosed that its ownership interest in the Farwell Commercial Property was as a mortgagee or lender.

25. Since then, the estimated damages to the Farwell Commercial Property exceed the $2,500,000 Commercial Property Policy limit of liability for the Farwell Commercial Property, and the $1,000,000 Commercial General Liability Limit.

26. On May 16, 2016, Cincinnati Specialty re-affirmed its March 11, 2016 claim denial for the Farwell Commercial Property Loss.

### FIRST CLAIM FOR RELIEF
*Breach of Contract*

27. MCF realleges Paragraphs 1 – 26 as if set forth in full.

28. The Commercial Property Policy and Commercial General Liability Policy are each contracts between MCF and Cincinnati Specialty.

29. The Commercial Property Policy and Commercial General Liability Policy each require Cincinnati Specialty to pay for covered losses to commercial property listed on the premises schedules.

30. The Farwell Commercial Property was listed on the premises schedules for both the Commercial Property Policy and the Commercial General Liability Policy, and the damage to the Farwell Commercial Property and resulting Farwell Commercial Property Losses were covered losses under one or both of the Cincinnati Specialty policies.

31. MCF paid all premiums due under the policies, timely submitted all proofs of loss required under the policies, and performed all other conditions the policy required it to perform.

32. Cincinnati Specialty's failure to pay the Farwell Commercial Property Losses under one or both of the Cincinnati Specialty policies is a breach of those contracts.

33. MCF has been damaged by Cincinnati Specialty's contractual breaches, and is entitled to reimbursement for those damages in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
*Statutory Attorney Fees And Statutory Punitive Damages*

34. MCF realleges Paragraphs 1 – 33 as if set forth in full.

35. Cincinnati Specialty is an unauthorized insurer doing insurance business in Wisconsin without a certificate of authority.

36. Wis. Stat. Ch. 618 is a safety statute designed to protect the public from unfair and prejudicial insurance practices.

37. The Cincinnati Specialty Commercial Property Policy and the Commercial General Liability Policy were each issued as unauthorized surplus lines policies pursuant to Wis. Stat. § 618.41.

38. Pursuant to Wis. Stat. § 618.41(4) and Wis. Admin. Code Ins § 6.17(3)(a), prior to issuance of any surplus lines policy in Wisconsin, the surplus lines agent and/or insurer must promptly forward notice to the potential insured, in a form prescribed or approved by the commissioner of insurance that is substantially similar to the Surplus Lines Insurance Proposal Ins 6.17 Appendix 1, that notifies the potential insured that the proposed insurer has not obtained a certificate of authority to do business in Wisconsin and is not regulated in Wisconsin except as provided in Wis. Stat. § 618.41.

39. Cincinnati Specialty and/or its agents failed to issue or forward the mandatory notice required by Wis. Stat. § 618.41(4) and Wis. Admin. Code Ins § 6.17(3)(a).

40. Pursuant to Wis. Stat. § 618.44, any surplus lines policy issued in violation of any provision of Ch. 618 is an illegal policy of insurance.

41. Cincinnati Specialty's failure to comply Wis. Stat. § 618.41(4) and Wis. Admin. Code Ins § 6.17(3)(a) renders both the Commercial Property Policy and the Commercial General Liability Policy illegal.

42. Cincinnati Specialty knew or should have known that the two policies were issued in violation of Wis. Ch. 618.

43. Cincinnati Specialty denied MCF's Farwell Property Losses claim without reasonable cause.

44. Pursuant to Wis. Stat. § 618.48, MCF is entitled to its reasonable attorney fees in bringing this action, as well as punitive damages.

### THIRD CLAIM FOR RELIEF
*Bad Faith*

45. MCF realleges Paragraphs 1 – 44 as if set forth in full.

46. Cincinnati Specialty had no reasonable basis for denying MCF's Farwell Commercial Property Losses claim.

47. Cincinnati Specialty's statement in its coverage declination letter that MCF did not use its best efforts to re-establish gas and heat in the building is contrary to the facts.

48. Likewise, Cincinnati Specialty's statement in its March 11, 2016 coverage declination letter that the policies do not provide coverage because MCF's interest in the property was as a mortgagee and not as an owner is not supported by the contractual terms in either of the policies.

49. Cincinnati Specialty knew of, or recklessly disregarded, the lack of a reasonable basis to deny MCF's Farwell Commercial Property claim.

50. Cincinnati Specialty's bad faith claims denial was made with wanton disregard of its duty, constituted gross and/or outrageous conduct, and was made with evil intent and/or ill will that is deserving of punishment, including, but not limited to, punitive damages.

51. MCF has been damaged by Cincinnati Specialty's bad faith in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
*Violation of Wis. Stat. § 628.46*

52. MCF realleges paragraphs 1 – 51 as if set forth in full.

53. Wis. Stat. § 628.46 requires insurers to pay claims within 30 days of the claim submission.

54. Wis. Stat. § 628.46 is a safety statute designed to protect the public from unfair and prejudicial insurance practices.

55. MCF submitted notice of its loss on January 21, 2016, and a sworn statement and proof of loss on February 25, 2016.

56. Cincinnati Specialty failed to pay the claim within 30 days of claim submission, and had no reasonable basis to reject payment of the claim.

57. MCF has been financially harmed by Cincinnati Specialty's violation of Wis. Stat. § 628.46 in an amount to be determined at trial, including, but not limited to, unpaid interest on the loss at a simple interest rate of 12% per year.

WHEREFORE, Plaintiff demands judgment as follows:

1. An award of actual damages;

2. An award of bad faith damages;

3. An award of attorney fees;

4. An award of punitive damages;

5. Statutory interest on the unpaid claim; and

6. Such other and further relief as the Court deems just and proper.

**DEMAND FOR A TWELVE PERSON JURY**

KRAVIT, HOVEL & KRAWCZYK S.C.

/s/ *Jon E. Fredrickson*
Stephen E. Kravit
Jon E. Fredrickson
Attorneys for Plaintiff

Kravit, Hovel & Krawczyk s.c.
825 North Jefferson - Fifth Floor
Milwaukee, WI 53202
(414) 271-7100 - Telephone
(414) 271-8135 - Facsimile
jef@kravitlaw.com

Dated: July 7, 2016