# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MIDWEST COMMERCIAL**
**FUNDING, LLC,**
        **Plaintiff,**

   **v.**                                              **Case No. 16-C-0885**

**CINCINNATI SPECIALTY**
**UNDERWRITERS INSURANCE**
**COMPANY, et al.,**
        **Defendants.**

## DECISION AND ORDER

The plaintiff, Midwest Commercial Funding, LLC ("Midwest"), is the lender and mortgagee for a property located on Farwell Avenue in Milwaukee, Wisconsin. In January 2016, the water lines at the property burst, causing substantial damage to the building. Midwest made a claim for this loss to its insurer, Cincinnati Specialty Underwriters Insurance Company ("Cincinnati"). After Cincinnati denied the claim, Midwest commenced this action for breach of contract. Initially, Midwest sued only Cincinnati. However, Midwest has since filed an amended complaint adding Midwest's insurance agency, Marsh & McLennan Agency, LLC ("Marsh"), to the case. Midwest alleges that if the Cincinnati policy does not cover the loss, then Marsh was negligent in procuring that policy for Midwest. In addition, Midwest alleges that Marsh did not have a license that, under Wisconsin law, an insurance agency must have in order to participate in the procurement of the type of insurance that Midwest purchased from Cincinnati. Midwest alleges that Marsh's not having this license rendered the Cincinnati policy illegal.

The Wisconsin Statutes contain two provisions imposing liability on a person who assists in the procurement of an illegal insurance policy. The first is Wis. Stat. § 618.39, which provides, in part, that "[n]o person may do an insurance business in this state if the person knows or should know that the result is or might be the illegal placement of insurance." Wis. Stat. § 618.39(1). The statute makes any person who does so "personally liable to any claimant under the policy for any damage proximately caused by the person's violation." *Id.* § 618.39(2). Such damage, the statute says, "may include damage resulting from the necessity of replacing the insurance in an authorized insurer or the failure of the unauthorized insurer to perform the insurance contract." *Id.* The second provision, Wis. Stat. § 618.44, provides in relevant part as follows:

> An insurance contract entered into in violation of this chapter is unenforceable by, but enforceable against, the insurer. . . . If the insurer does not pay a claim or loss payable under the contract, any person who assisted in the procurement of the contract is liable to the insured for the full amount of the claim or loss, if the person knew or should have known the contract was illegal.

Midwest claims that these two provisions make Marsh liable for the loss relating to the Farwell property. It reasons that because Marsh's having procured the insurance without a proper license renders the Cincinnati policy illegal, and because Cincinnati has not paid the claim, Marsh is liable for the amount of the loss.

Marsh has moved to dismiss the counts against it under §§ 618.39 and 618.44 for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Marsh contends that any claim under these statutes has not yet accrued because the statutes make Marsh's liability contingent on two events that have not yet occurred: (1) entry of a judgment requiring Cincinnati to pay Midwest's loss, and (2) Cincinnati's subsequently failing to satisfy the judgment. But Marsh's reading of these

statutes is not supported by their text.  Neither statute makes a person's liability contingent on the court's entering a judgment against the insurer who issued the illegal policy or that insurer's failing to satisfy the judgment.  Rather, the contingency mentioned in § 618.39 is "failure of the unauthorized insurer to perform the insurance contract," and the contingency mentioned in § 618.44 is the insurer's "not pay[ing] a claim or loss payable under the insurance contract."  In the present case, Midwest has alleged that this contingency has occurred: it alleges that the Farwell loss is covered by the Cincinnati policy, that it made a claim under the policy, and that Cincinnati denied the claim.  An insurer's denying a claim that is covered by the policy is, to use the language of § 618.39(2), a failure to perform the insurance contract.  Likewise, an insurer's denying a claim that is covered by the contract is, to use the language of § 618.44, a failure to pay a claim or loss payable under the contract.  Thus, the complaint alleges that the only contingency required by these statutes has occurred.

Marsh urges me to adopt the interpretation of § 618.44 offered by another judge of this court in *Ratajczak v. Beazley Solutions, Ltd.*, No. 13-C-045, 2014 WL 3057158 (E.D. Wis. July 7, 2014).  In that case, Chief Judge Griesbach held that an insured has not stated a claim against an insurance agency under § 618.44 if it has not alleged that the insurer who issued the illegal policy "might not pay a judgment entered against it." *Id.* at *3.  However, I can find nothing in the reasoning of this case that explains why, under the text of the statute, an insurer's refusing to pay the claim is not enough to trigger the agent's liability, and why the insured must instead wait to sue the agent until it has obtained a judgment against the insurer and the insurer has failed to satisfy it. Chief Judge Griesbach seemed to think that an insured should not be able to look to the

3

agent for immediate payment when the insurance company is also a defendant in the case and "stands ready, willing and able to pay any judgment entered against it." *Id.* at *4. But whether or not a plaintiff has stated a claim for relief against one defendant does not turn on whether the plaintiff has chosen to join a second defendant to the suit. And certainly nothing in the text of § 618.44 suggests that the insurer's having been joined as a defendant prevents the plaintiff from also seeking relief from the agency. What matters under the statute is whether the insurer had refused to pay a covered claim before the plaintiff filed suit against the agency. Here, Midwest alleges that Cincinnati refused to pay a covered claim, and therefore its suit against Marsh is not premature.

Of course, in this case, it has yet to be determined that the Farwell claim is covered by the Cincinnati policy. But because we are at the pleading stage, all that matters is that Midwest has *alleged* that the claim is covered, and that Cincinnati did not pay it. Neither statute makes the agency's liability contingent on the insurer's refusing to pay the claim after a court has determined that the claim is covered. Thus, the judicial determination does not have to precede the plaintiff's suit against the agency.

For these reasons, **IT IS ORDERED** that Marsh's motion to dismiss (ECF No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that Midwest's motion for clarification of the court's scheduling order (ECF No. 37) is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2017.

/s Lynn Adelman
LYNN ADELMAN
United States District Judge